1

2

3

4

5

6

7

8             **UNITED STATES DISTRICT COURT**

9             **EASTERN DISTRICT OF CALIFORNIA**

10

11   SONDRA DYNESE BURTON,                   ) Case No.: 1:18-cv-1132 - JLT
                                              )
12             Plaintiff,                     )
                                              ) ORDER TO DEFENDANT TO SHOW CAUSE
13        v.                                  ) WHY SANCTIONS SHOULD NOT BE IMPOSED
                                              ) FOR FAILURE TO COMPLY WITH THE
14   COMMISSIONER OF SOCIAL SECURITY,         ) COURT'S ORDER
                                              )
15             Defendant.                     )
                                              )
16   ————————————————————————————

17        Sondra Dynese Burton seeks judicial review of a decision to denying her application for Social

18   Security benefits. (Doc. 1) On August 24, 2018, the Court issued its Scheduling Order, setting forth the

19   applicable deadlines. (Doc. 5)

20        Plaintiff filed her opening brief in this action on April 8, 2019.  (Doc. 14)  Pursuant to the terms

21   of the Scheduling Order, within thirty date of service of the confidential letter brief, the Commissioner

22   was to file a responsive brief.  (Doc. 5 at 3)  Thus, the Commissioner's response was due May 8, 2019.

23   To date, the Commissioner has not responded to Plaintiff's opening brief or requested an extension of

24   time to comply with the Court's order.

25        The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a

26   party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any

27   and all sanctions . . . within the inherent power of the Court."  Local Rule 110.  "District courts have

28   inherent power to control their dockets," and in exercising that power, a court may impose sanctions.

                                              1

*Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court impose sanctions, including terminating sanctions, for a party's failure to obey a court order or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (imposing sanctions terminating for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (imposing terminating sanctions for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (sanctions for failure to prosecute and to comply with local rules).

Accordingly, the Commissioner is **ORDERED** to show cause within fourteen days of the date of service of this order why the sanctions should not be imposed for failure to follow the Court's Order or to file response to Plaintiff's opening brief.

IT IS SO ORDERED.

Dated: __**May 10, 2019**__ _____ **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

2